

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

April 29, 2015

The Honorable Jane Nelson
Chair, Committee on Finance
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0015

Re: Constitutionality of section 54.341 of the
Education Code, the Hazlewood Act
(RQ-0009-KP)

Dear Senator Nelson:

You ask for an opinion addressing the constitutionality of section 54.341 of the Education Code, commonly referred to as the Hazlewood Act.[1] Section 54.341 requires the governing boards of institutions of higher education to exempt certain veterans of the United States Armed Forces from paying tuition and fees,

> provided the person seeking the exemption currently resides in this state and entered the service at a location in this state, declared this state as the person's home of record in the manner provided by the applicable military or other service, or would have been determined to be a resident of this state for purposes of Subchapter B at the time the person entered the service.

TEX. EDUC. CODE ANN. § 54.341(a) (West Supp. 2014). You ask specifically about the requirement that veterans receiving the exemption have "entered the service in Texas," and we limit this opinion to addressing that so-called "fixed-point residency requirement." Request Letter at 1.

As you note, a prior opinion by former Attorney General Dan Morales addressed "whether a court would find that the state has a legitimate interest in" distinguishing between veterans who resided in Texas at the time they entered service and those who did not. Tex. Att'y Gen. Op. No. DM-468 (1998) at 8. Opinion DM-468, which was issued 17 years ago and has since gone unheeded by the state entities administering the Hazlewood Act, reached a conclusion without the benefit of an adversarial process to fully explore what legitimate state interests the fixed-point residency requirement of the Hazlewood Act serves. See id.; cf. Tex. Att'y Gen. Op Nos. GA-0670 (2008) at 5 (declining to reach a definitive legal conclusion when rational-basis scrutiny was

---

[1] See Letter from Honorable Jane Nelson, Chair, Senate Comm. on Finance, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 10, 2015), https://www.texasattorneygeneral.gov/opinion/request-for-opinion-rqs ("Request Letter").

required), MW-421 (1982) at 2–3 (same). Dismissing all of the proffered state interests without discussion or analysis, DM-468 opined that "a court would conclude that the statutory classification is unconstitutional." Tex. Att'y Gen. Op. No. DM-468 (1998) at 1, 8.

As you are likely also aware, in January a federal district court addressed the constitutionality of the fixed-point residency requirement and determined that in order for it to be constitutional under the Equal Protection Clause, it must withstand rational basis review, meaning it "must rationally further a legitimate state purpose." *Harris v. Cantu*, No. H–14–1312, 2015 WL 338938, at *6 (S.D. Tex. Jan. 26, 2015). Relying in part on DM-468, the court concluded that the fixed-point residency requirement was not "rationally related to any legitimate state interest." *Id.* at *8. *Harris v. Cantu* currently is on appeal before the United States Court of Appeals for the Fifth Circuit. *Harris v. Cantu*, No. 15-20105 (5th Cir. filed Feb. 23, 2015). The question you raise is therefore not finally resolved by the courts.

While we agree with both DM-468 and the federal district court that the classification created by the Hazlewood Act must rationally further a legitimate state purpose, we disagree with the conclusion that the fixed-point residency requirement is not doing so. In concluding that the fixed-point residency requirement cannot withstand rational basis review, DM-468 and the federal district court relied on previous United States Supreme Court opinions that addressed challenges under the Equal Protection Clause to other statutes with residency requirements. *See Att'y Gen. of New York v. Soto-Lopez*, 476 U.S. 898 (1986); *Hooper v. Bernalillo Cnty. Assessor*, 472 U.S. 612 (1985); *Zobel v. Williams*, 457 U.S. 55 (1982). The residency requirements and underlying statutes addressed in those three opinions, however, are distinguishable from the requirement at issue here. *Soto-Lopez* addressed a New York statute that gave preferences in civil service employment opportunities to veterans who lived in the state at the time they entered military service. *Soto-Lopez*, 476 U.S. at 899. *Hooper* involved a New Mexico tax exemption given to Vietnam veterans who resided in the state prior to May 8, 1976. *Hooper*, 472 U.S. at 616–17. *Zobel* addressed an Alaska law that gave an annual oil-income dividend to the state's residents, the amount of which was determined by the number of years a given individual had resided in the state. *Zobel*, 457 U.S. at 57.

Not one of these cases addressed a fixed-point residency requirement in the context of providing an education benefit like that conveyed through the Hazlewood Act. Furthermore, in each of these cases, the statutes addressed rewarded prior conduct and did not serve a state interest by creating incentives for future conduct. *See Soto-Lopez*, 476 U.S. at 913 (Burger C.J., concurring) ("the preference is granted only *retrospectively* following definitive action by the legislature"); *Hooper*, 472 U.S. at 619 ("The legislature set this eligibility date long after the triggering event occurred . . . and cannot plausibly encourage veterans to move to the State by passing such retroactive legislation."); *Zobel*, 457 U.S. at 62 ("Assuming, arguendo, that granting increased dividend benefits for each year of continued Alaska residence might" create an incentive to remain in the state, "the State's interest is not in any way served by granting greater dividends to persons for their residency during the 21 years prior to the enactment.").

Conversely, the benefit provided through the Hazlewood Act creates an ongoing incentive for *current* Texas high school students to graduate and enlist in the armed services. TEX. EDUC. CODE ANN. § 54.341(a)(4)(F–G) (West Supp. 2014) (offering the exemption to individuals who

serve in active duty during "the national emergency by reason of certain terrorist attacks that began on September 11, 2001" or "any future national emergency declared in accordance with federal law"). The vast opportunities and skills acquired through military service benefit both the individual veterans and the states in which they return to live and work after their service. Texas therefore has an interest in encouraging enlistment by its current residents, who are those most likely to return to the state as veterans.

In addition, with finite resources available for education benefits like those provided through the Hazlewood Act, the State has an interest in allocating those resources in a manner that achieves the highest return possible. By limiting the financial benefit to only those individuals who resided in Texas at the time they entered the service, the State is providing the benefit to those veterans who are most likely to have strong ties to Texas and to remain in Texas after graduation. In doing so, Texas thereby increases the likelihood that it will receive the economic benefit from its investment of funds, which it would be less able to do if the benefit was provided to all veterans. Thus, the Legislature is rationally furthering legitimate state purposes by providing the Hazlewood benefit to only those individuals who resided in Texas at the time they entered the service. The underlying interests served by the fixed-point residency requirement in the Hazlewood Act differ from those addressed in *Soto-Lopez*, *Hooper*, and *Zobel*, such that the analysis in those cases should not be considered controlling here.

On appeal to the Fifth Circuit, the State will have the opportunity to articulate all reasons why using the fixed-point residency requirement rationally furthers legitimate state purposes, and the court will provide further clarification on this area of law. Until it does, or until the United States Supreme Court finally resolves this issue, we must caution you that the status of the law regarding the Hazlewood Act's fixed-point residency requirement is in flux. While we cannot predict with certainty how the federal courts will ultimately resolve this issue, we believe that the Hazlewood Act's provision of benefits to only those individuals who resided in Texas at the time they entered the service rationally furthers a legitimate state interest, should withstand rational basis review, and should therefore be held constitutional under the Equal Protection Clause of the Constitution.

## S U M M A R Y

While we cannot predict with certainty how the federal courts will ultimately resolve this issue, we believe that the Hazlewood Act's provision of benefits to only those individuals who resided in Texas at the time they entered the service rationally furthers a legitimate state interest, should withstand rational basis review, and should therefore be held constitutional under the Equal Protection Clause of the United States Constitution.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General